United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INNNOVATIVE SPORTS MANAGEMENT, INC,

Plaintiff,

v.

LADY Z LIZCANO, et al.,

Defendants.

Case No. 25-cv-05056-NW

**ORDER GRANTING IN PART MOTION TO ALTER OR AMEND JUDGMENT**

Re: ECF No. 47

Plaintiff Innovative Sports Management, Inc. brought the instant action against Defendants Lady Lizcano, Manuel Trujilio, and MLSJ, Inc. for displaying a soccer match, which Innovative owns the domestic commercial exhibition rights to, inside Defendants' restaurant without a license. ECF No. 1. Innovative filed this suit on June 13, 2025, seeking damages under 47 U.S.C. § 605 or alternatively under 47 U.S.C. § 553, damages for conversion under California state law, and damages under California Business and Professions Code § 17200, et seq.

Despite effective service, Defendants have not responded to Innovative's complaint nor made an appearance in the case. On October 1, 2025, the Clerk of the Court entered default against Defendants. ECF No. 22. On December 10, 2025, Innovative moved for default judgment against Defendants, seeking relief on two out of its four causes of action: statutory damages under 47 U.S.C. § 605 and the conversion claim. ECF No. 24.

On April 29, 2026, the Court issued an Order denying Innovative's motion for default judgment on both claims. ECF No. 44. The Court found that the second and third *Eitel* factors weighed against awarding default judgment for the 47 U.S.C. § 605 claim because Innovative failed to meet its burden to show how the soccer match was intercepted. *Id*. at 5. The Court reasoned that "[i]n the absence of such evidence, courts consistently find that a violation of

Section 553 is more likely than a violation of Section 605 because it is more probable that the defendant used a cable box to display a program given the relative ease in hiding a cable box as compared to a satellite dish." *Id*. (citing *J & J Sports Prods., Inc. v. Guzman*, No. c-08-05469, 2009 WL 1034218, at *2 (N.D. Cal. Apr. 16, 2009) ("[G]iven that a cable box is more easily hidden, the court finds that defendants violated section 553, but not section 605.")). For the conversion claim, the Court held that Innovative had not adequately alleged its claim; "Innovative ha[d] not adequately pled the elements nor identified the law upon which it relies, the Court finds that Innovative has not established a basis for default judgment for its conversion claim." *Id*. at 6. Having found that the default judgment was not appropriate, the Court denied the motion, entered judgment in Defendants' favor, and closed the case. ECF No. 45.

Now pending before the Court is Innovative's motion to alter or amend judgment brought under Federal Rule of Civil Procedure 59(e), in which Innovative requests that the Court set aside the judgment, reinstate the case, and afford Innovative an opportunity to address the Court's determination that the complaint was insufficient or renew its motion for default judgment for its 47 U.S.C. § 553 claim. ECF No. 47 at 17. Innovative additionally weaves in argument urging the Court to reconsider its findings on the § 605 and conversion claims.

The Court is unpersuaded by Innovative's arguments regarding the adequacy of its § 605 and conversion claims, and denies the motion to alter as it relates to those claims. But, the Court agrees that Innovative may have an opportunity to renew its motion for default only as to its remaining claims. *G & G Closed Cir. Events, LLC v. Macias*, No. 20-CV-02916-BLF, 2021 WL 2037955, at *1 (N.D. Cal. May 21, 2021) (denying the original motion for default judgment but permitting plaintiff to renew the motion).

The Court notes that Plaintiff elected to move for default judgment on only two of four claims. Plaintiff made this strategic choice knowing full well that, in other cases within this District, courts have repeatedly denied Plaintiff default judgment on § 605 claims (which is what Plaintiff requested here) and granted Plaintiff default judgment on the § 553 claims (the claims for which Plaintiff elected not seek default judgment in this case). Plaintiff is reminded that he has an obligation to prosecute his case and to aid in the speedy and inexpensive resolution of his case;

United States District Court
Northern District of California

failure to prosecute can lead to dismissal of claims. Fed. R. Civ. Pro. 1; 41. To move for default judgment in part and then to later ask the Court to grant default judgment on the remaining claims against the same Defendant—fully informed of the likelihood of success and without additional intervening discovery—is inefficient, dilatory, and wasteful of Court and client resources. Fed. R. Civ. Pro. 1; *id.*, Advisory Committee Notes (2015 amendments) ("[J]ust as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way . . . Effective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure.").

The Court sets aside the judgment, the Clerk of Court shall reopen the case, and Innovative is granted leave to renew its motion for default judgment. Plaintiff shall file a default judgment addressing all claims no later than 7 days of this Order.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Noël Wise
United States District Judge