UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INNNOVATIVE SPORTS MANAGEMENT, INC,

Plaintiff,

v.

LADY Z LIZCANO, et al.,

Defendants.

Case No. 25-cv-05056-NW

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Re: ECF No. 52

Plaintiff Innovative Sports Management, Inc. sued Defendants Lady Lizcano, Manuel Trujilio, and MLSJ, Inc. alleging that they displayed a soccer match at a restaurant without first getting a license to do so from Plaintiff, who owned the licensing rights to that match. ECF No. 1. Innovative filed this suit on June 13, 2025, seeking damages under 47 U.S.C. § 605 or alternatively under 47 U.S.C. § 553, damages for conversion under California state law, and damages under California Business and Professions Code § 17200, et seq.

Despite effective service, Defendants have not responded to Innovative's complaint nor made an appearance in the case. On October 1, 2025, the Clerk of the Court entered default against Defendants. ECF No. 22. On December 10, 2025, Innovative moved for default judgment against Defendants, seeking relief on only two out of its four causes of action: statutory damages under 47 U.S.C. § 605 and the conversion claim. ECF No. 24. Innovative did not seek default judgment on its 47 U.S.C. § 553 claim. *Id*.

On April 29, 2026, the Court issued an Order denying Innovative's motion for default judgment on both claims. ECF No. 44. The Court found that the second and third *Eitel* factors weighed against awarding default judgment for the 47 U.S.C. § 605 claim because Innovative

United States District Court
Northern District of California

failed to meet its burden to show how the soccer match was intercepted. *Id.* at 5. The Court reasoned that "[i]n the absence of such evidence, courts consistently find that a violation of Section 553 is more likely than a violation of Section 605 because it is more probable that the defendant used a cable box to display a program given the relative ease in hiding a cable box as compared to a satellite dish." *Id.* (citing *J & J Sports Prods., Inc. v. Guzman*, No. c-08-05469, 2009 WL 1034218, at *2 (N.D. Cal. Apr. 16, 2009) ("[G]iven that a cable box is more easily hidden, the court finds that defendants violated section 553, but not section 605.")). For the conversion claim, the Court held that Innovative had not adequately alleged its claim; "Innovative ha[d] not adequately pled the elements nor identified the law upon which it relies, the Court finds that Innovative has not established a basis for default judgment for its conversion claim." *Id.* at 6. Having found that the default judgment was not appropriate, the Court denied the motion, entered judgment in Defendants' favor, and closed the case. ECF No. 45.

In a motion to amend the judgment Innovative requested that the Court set aside the judgment, reinstate the case, and afford Innovative an opportunity to address the Court's determination that the complaint was insufficient or renew its motion for default judgment for its 47 U.S.C. § 553 claim. ECF No. 47 at 17. On September 25, 2026, the Court granted Innovative's motion in part, granting Innovative leave to renew its motion for default judgment as to its previously unaddressed Section 553 claim.

On October 2, 2026, Innovative timely filed its renewed motion. ECF No. 52. Innovative now seeks default judgment in its favor and against Defendants for violations of 47 U.S.C. § 553, and asks the Court to award total damages of $24,500.

This Court has considered multiple other requests for default judgment from Innovative with substantially similar facts, including against the same Defendants as in this case. The Court incorporates and relies on its reasoning in *Innovative Sports Mgmt., Inc. v. Lizcano*, No. 25-CV-07588-NW, 2026 WL 2260383 (N.D. Cal. Aug. 5, 2026), where the Court found that the majority of the *Eitel* factors supported entering default judgment against Defendants on Innovative's claim under 47 U.S.C. § 553. *See id.* at *3 (finding that default judgment was appropriate on Section 553 claim because Innovative established through declarations that Defendants exhibited the

match without permission, there was a possibility of prejudice to Innovative, the sum of money sought was in the statutory range, and default was not due to excusable neglect).

Accordingly, Innovative is entitled to damages. Under Section 553, a plaintiff may recover actual damages or "an award of statutory damages . . . in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A). Where the court concludes that the "violation was committed willfully and for purposes of commercial advantage or private financial gain," the court may award enhanced damages of up to $50,000. *Id.* § 553(c)(3)(B). Although the Ninth Circuit has not set forth specific factors to determine an appropriate figure for damages, district courts consider a range of factors, including "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant." *J & J Sports Prods., Inc. v. Concepcion*, No. c-10-05092 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011). Often, "courts award statutory damages in an amount equal to the actual loss based on the licensing fee[.]" *Nunez*, 2023 WL 4551069, at *6. The Ninth Circuit has indicated that district courts should consider the effect that a damages award might have in deterring the defendants' unlawful activities in the future. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Innovative seeks $4,500 in statutory damages and $20,000 in enhanced damages. As to statutory damages, Innovative provided an affidavit demonstrating that Defendants would have paid $1,000 to display the soccer match in a bar the size of Hacienda Parilla. ECF No. 52-2. The Court agrees that it is reasonable to award statutory damages such that Innovative is compensated for the licensing fee it lost by virtue of the unauthorized broadcast. *Innovative Sports Management, Inc. v. Martha J. Martinez Polanias*, No. 25-CV-08726-BLF, 2026 WL 2196270, at *6 (N.D. Cal. July 29, 2026). Here, the usual factors for determining an appropriate sum for damages are not implicated. There is no indication that Defendants increased their food prices, advertised the soccer match, or charged a cover fee. The Court therefore finds that an award of modest damages is just and provides a deterrence and awards Innovative $1,000 in statutory damages. *See* 47 U.S.C. § 553(c)(3)(A).

Regarding enhanced damages, as the Ninth Circuit has counseled, a district court's award of damages should focus on deterring future unlawful conduct. *See Kingvision*, 168 F.3d at 350. Innovative correctly points out that Defendants have engaged in similar conduct on other occasions. Defendants displayed the soccer match on June 15, 2024 after Innovative sent a series of demand letters to Defendants (letters sent from December 2023 to January 2024) but before Innovative served Defendants with a complaint in the prior *Lizcano* cases (service dates ranged from June 24, 2024 to July 15, 2024). Given that Defendants were on notice of Plaintiffs' allegations, but Plaintiffs had not yet filed suit, the Court finds that an additional $5,000 in enhanced damages against Defendants should act as a reasonable deterrent measure. Accordingly, the Court awards Innovative a total of $6,000 in damages on Innovative's Section 553 claim. The Court additionally grants Innovative leave to file a motion for costs and attorneys' fees. 47 U.S.C. § 553(c)(2)(C).

**CONCLUSION**

The Court ORDERS as follows:

(1) Innovative's motion for default judgment is granted as to the claim under 47 U.S.C. § 553;

(2) The Court awards Innovative $6,000 in total damages ($1,000 in statutory damages and $5,000 in enhanced damages) against all Defendants;

(3) A separate judgment will be entered for Plaintiff and against Defendants in the total amount of $6,000 plus an award of reasonable attorneys' fees to be determined by a separate motion; and

(4) Innovative shall file its motion for attorneys' fees and costs within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: November 8, 2026

Noël Wise
United States District Judge